## CLARK et al. v. UNITED STATES.
### No. 7204.

Circuit Court of Appeals, Fifth Circuit.
March 3, 1934. .

W. K. Zewadski, Jr., and Wm. C. Pierce, both of Tampa, Fla., for appellants.

John W. Holland, U. S. Atty., and Wm. A. Paisley, Asst. U. S. Atty., both of Jacksonville, Fla.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

In the first count of the indictment Royal Clark was charged with unlawfully transporting intoxicating liquor. Dewey Clark and William Perry were charged in the second count with assisting in such transportation, and in the third count, in violation of 18 US CA § 121, with resisting and interfering with two customs patrol inspectors who were in pursuit of Royal Clark for the purpose of arresting him. Perry was acquitted. Royal and Dewey Clark were convicted as charged in the indictment; the latter's sentence being general and less than could have been imposed under the third count. They appeal and assign as error (1) the admission of testimony given by the inspectors to the effect that they seized and removed liquor from an automobile in possession of Royal Clark; and (2) a charge by the court to the jury to convict both appellants if they believed beyond a reasonable doubt the testimony of the inspectors to be true.

The customs patrol inspectors upon whose testimony the government relied were Groves and Barr. According to that testimony, while they were traveling in an automobile driven by Groves, on a narrow sandy road, they met Royal Clark, driving a Ford car and just behind him his brother Dewey Clark, who, accompanied by Perry, was driving a Plymouth car. As the inspectors passed the Ford, they both saw in it several exposed burlap sacks which had the usual appearance of sacks containing imported liquor. As soon as they could, after meeting and passing the two cars going in the opposite direction, they turned around, with the intention of seizing the liquor in the Ford and arresting Royal Clark, but between them and him was Dewey Clark in the Plymouth. They overtook the Plymouth, and upon their signal Dewey stopped. They acquainted him with the fact that they were officers and wanted to pass, but Dewey, claiming the road was too narrow, drove slowly on for several miles until they came to a state highway, and then, although there was plenty of room for them

to pass, kept swerving his car ahead of them from one side of the highway to the other, until finally they succeeded in getting by the Plymouth and overtaking the Ford, whereupon Royal Clark jumped out and ran. Groves ran after him, caught up with and arrested him. Barr got out of his car and went over to the Ford. By that time the Plymouth was approaching. Barr stepped out in the middle of the highway and ordered Dewey to stop, but, instead of doing so, Dewey attempted to run him down, and, failing in that, drove by with increasing speed. Barr took the car in which he had been riding with Groves, caught up with Dewey and Perry, arrested and brought them back to the Ford, to which in the meantime Groves had returned with Royal. They had no search warrant, but searched the Ford, which still had in it a quantity of liquor in sacks. The testimony of the Clarks did not in any material particular contradict that of the inspectors. They only claimed that they were not traveling together or acting in concert; that their presence on the narrow road about the same time was accidental. Royal testified that the liquor did not belong to him, and Dewey denied that he intentionally blocked the road or the highway in front of the inspectors. The court charged the jury that, if the inspectors saw liquor in the Ford car when they first met it on the road they had the right to search it, although they had no search warrant; that Royal Clark would be guilty if he knowingly transported liquor whether he owned it or not; that Dewey Clark would be guilty if he knew his brother Royal was hauling liquor and attempted to interfere with the inspectors and prevent them from overtaking and arresting Royal; and then gave in conclusion the charge of which complaint is made.

As the convictions on the first and second counts for transporting liquor are set at naught by the repeal of the Eighteenth Amendment, United States v. Chambers, 54 S. Ct. 434, 78 L. Ed. ——, we are concerned only with the conviction of Dewey Clark on the third count, to which may be referred the general sentence imposed upon him.

The inspectors were positive in their testimony that they saw and recognized sacks of liquor while they were being transported by Royal Clark in the Ford car. If they were telling the truth, an offense was being committed in their presence, and the search which they subsequently made was not an unreasonable one; and they therefore had no need of a search warrant. The charge of the court is not subject to the criticism that it was

an unqualified direction to the jury to find a verdict of guilty. The concluding part complained of must be interpreted in the light of what preceded it. It authorized a verdict of guilty only if Dewey Clark intentionally obstructed the road or highway, and thereby interfered with the inspectors and prevented them for the time being from making a lawful arrest. That interference could not possibly have been unintentional, particularly after the state highway was reached, whatever may be said about the inconvenience or impossibility of turning an automobile out of the way of another on the narrow road. Under these circumstances, the concluding part of the court's charge does not constitute reversible error.

The convictions of Royal Clark on the first count and of Dewey Clark on the second count are reversed and annulled. The general judgment imposed upon Dewey Clark is affirmed.