**UNITED STATES of America,
Appellee,**

v.

**Ronald Everett MARTIN, Defendant-Appellant.**

**No. 294, Docket 23344.**

United States Court of Appeals
Second Circuit.

Argued May 2, 1955.

Decided June 10, 1955.

Leonard P. Moore, U. S. Atty., Eastern Dist. of N. Y., Brooklyn, N. Y., Paul Windels, Jr., Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for appellee.

Milton H. Spiero, New York City, for defendant-appellant.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and DIMOCK, District Judge.

**DIMOCK, District Judge.**

Appellant was convicted of conspiracy and of robbing a national bank. Two of the witnesses against him were named McKinney and Oberkirch. They had been indicted as co-conspirators with defendant and had pleaded guilty to counts in the same indictment but had not been sentenced at the time when they testified against him. Appellant complains because the trial court instructed the jury: "it does not appear that" the witnesses McKinney and Oberkirch have anything "to gain or lose by the outcome of this trial". Appellant's trial counsel evidently felt that something of that sort did appear in the evidence for he excepted to that part of the charge "on the basis of the evidence given by McKinney himself in the record and the statements he made to the defendant in jail, which came out from the witness stand." What appellant had said on the witness stand was that McKinney had told him "that he had made a deal where the Government was to drop two counts on his indictment if he would testify against me, and he said he therefore was going to."

The trial court replied:

"Well, I will say in connection with that exception, I will say that there was no testimony that they had anything to gain or lose, and I adhere to that, because whether they have anything to gain or lose depends upon the judgment of the Court. In fairness I should say that Martin testified as to certain statements which McKinney had made to him in jail concerning what McKinney expects to happen as a result of the testimony which he gave in this case."

There was no further exception or objection.

The only harm that could have been done by a statement to the jury that it did not appear that the co-conspirator witnesses had anything to gain or lose by the outcome of the defendant's trial would have been an impression upon the jury that they could not, in evaluating the co-defendants' testimony, take into account the incentive to tell a story that would result in convicting appellant so as to gain lenient treatment for themselves. The court, however, by making express reference to what the witness expected to happen to him as a result of his testimony, dispelled any possible impression that the jury could not take into account any interest that they might find the witnesses had.

Appellant assigns as error the refusal of the trial court to instruct "that the jury disregard [the indictment] in determining the issues in this proceeding". While the ruling was made in the presence of the jury, the request had been submitted in writing so that the jury did not know what was being ruled upon. The trial court denied it with the comment that he believed it was covered in the general charge. The court was mistaken in this belief. The mistake did no harm, however. In reading the indictment to the jury and discussing it, the court always referred to it as "alleging" or "charging" certain facts. He correctly and clearly charged as to the presumption of innocence. There is no reason to suspect that the jury got it into their heads that the indictmen was evidence of the facts alleged in it.

Appellant makes other points with respect to the charge and points with respect to the admission of evidence. All have been carefully considered by us but they have not enough substance to warrant discussion.

The judgment is affirmed.