[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10595
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00002-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAY EUGENE COLLINS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 8, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Ray Collins appeals his convictions for receiving child pornography, 18

U.S.C. § 2252A(a)(2) , (b)(1), distributing child pornography, *id.*, and possessing

child pornography involving a prepubescent minor and a minor under the age of 12, *id.* § 2252A(a)(5)(B), (b)(2). Collins challenges the admission of short segments of two child pornography videos discovered on his computer. We affirm.

We review the admission of evidence for abuse of discretion. *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003).

The district court did not abuse its discretion. Collins argues that the prejudicial effect of the explicit video segments outweighed their probative value based on his stipulation that they contained child pornography, but the government was not required to accept a stipulation that was "no match for the robust evidence that would be used to prove" Collins's crimes, *Old Chief v. United States*, 519 U.S. 172, 189 (1997), particularly when he contested the issues of identity and mens rea. *See Parr v. United States*, 255 F.2d 86, 88 (5th Cir. 1958). In recognition that all incriminating evidence is inherently prejudicial, Federal Rule of Evidence 403 "permits a district court to exclude relevant evidence [only] when its probative value is substantially outweighed by its unfairly prejudicial nature." *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). The video segments, each of which depicted a girl between four and eight performing oral sex on a man, were probative of identity – that is, whether the videos would appeal to the prurient interest of and be downloaded by Collins or, as he suggested, by his female roommate. The video segments also were probative of whether Collins, a computer

2

programmer, knew of and intended to collect child pornography on his computer. *See id.* And the government, as requested by the district court, limited the amount of footage shown to the jury. Of the dozens of videos discovered on Collins's computer, the government played 10 seconds of one video and 14 seconds of a second video. *See Dodds*, 347 F.3d at 899. "Even if showing the images to the jury created some risk of injecting emotions into the jury's decision-making, it was not an abuse of discretion for the district court to decide that the risk did not substantially outweigh the . . . probative value" of the video segments. *Alfaro-Moncada*, 607 F.3d at 734 (citation omitted).

We **AFFIRM** Collins's conviction.

3