# Third District Court of Appeal

## State of Florida

Opinion filed November 2, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-1187
Lower Tribunal No. F18-15927A

————————

**Cleef Theus,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Pooler, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Michael W. Mervine, Chief Assistant Attorney General, for appellee.

Before EMAS, MILLER and GORDO, JJ.

PER CURIAM.

Affirmed.  See Old Chief v. United States, 519 U.S. 172, 186-87 (1997) (reaffirming general rule that "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it") (citing Parr v. United States, 255 F.2d 86, 88 (5th Cir. 1958) (explaining the reason for the rule is to permit a party "to present to the jury a picture of the events relied upon. To substitute for such a picture a naked admission might have the effect to rob the evidence of much of its fair and legitimate weight") (citation omitted)); Robinson v. State, 305 So. 3d 40, 43 (Fla. 3d DCA 2019) (relying on Old Chief to hold that the State was "within its rights to refuse the defense's proposed stipulation").  See also Wright v. State, 19 So. 3d 277, 291-92 (Fla. 2009) ("The prerequisite to the admissibility of evidence is relevancy. All evidence tending to prove or disprove a material fact is admissible, unless precluded by law. . .. [C]ollateral-crime evidence, such as bad acts not included in the charged offenses, is admissible when relevant to prove a *material* fact in issue, but is inadmissible when the evidence is relevant solely to prove bad character or propensity"); McDuffie v. State, 970 So. 2d 312, 326 (Fla. 2007) (appellate courts review a trial court's evidentiary rulings under an abuse of discretion standard); § 90.403, Fla. Stat. (2019)

2

("Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence").