FRANCIS KIRSCH ET AL *v.* EDITH L. FORD
[No. 8, January Term, 1936.]

*Decided February 6th, 1936.*

92

 

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*W. Hamilton Whiteford,* with whom was *Edwin H. W. Harlan* on the brief, for the appellants.

*J. Wilmer Cronin,* for the appellees.

URNER, J., delivered the opinion of the Court.

The owners of a motor truck were sued in this case by the owner of an automobile for personal injuries and property damage resulting from a collision between the truck and the car on the state highway passing through the Village of Unionville in Frederick County. A portion of the cost of repairing the automobile having been paid under the terms of a policy insuring the owner against damage to the car by collision, the insurance company was joined as a plaintiff in the action by virtue of an assignment of the original plaintiff's claim against the defendants to the extent necessary to provide reimbursement for the insurance payment. The trial resulted in a judgment for the plaintiffs on the verdict of a jury for the sum of $500. On this appeal by the defendants, the only questions for decision are raised by exceptions to rulings as to the admissibility of evidence.

The accident happened after dark on the evening of December 8th, 1934. The Packard automobile of the personal plaintiff, who will be referred to simply as the plaintiff hereafter, was proceeding eastwardly through Unionville on its way towards Baltimore, when it collided with the side of the defendants' truck moving in the opposite direction. It was testified by the plaintiff's husband, who was driving the automobile, and by the plaintiff herself and other occupants of the car, that the truck, as it rounded a curve in approaching the point of

the collision from the east, was running along the middle of the road with its left wheels to the south of the center line, while the automobile was being driven as far to the right as a culvert wall just ahead would permit. The evidence for the plaintiff had a clear legal tendency to prove that the accident was caused by negligence in the operation of the truck. But, according to the testimony of the truck driver and of one of the defendant owners, who was seated beside the driver at the time of the collision, the automobile was then running partly to the north of the highway center, while the truck was being driven as close as possible to the northern edge of the concrete road surface. That testimony plainly tended to prove that negligence in the operation of the automobile was responsible for the accident. It is with reference to the distinct issue thus raised by the conflicting evidence that the exception in the record must be considered.

Four of the exceptions were taken because of the admission of five photographs. Three of them merely portrayed the roadway and adjacent landscape near the scene of the collision. Those pictures were unobjectionable. But the two other photographs should, in our opinion, have been excluded. Each of them shows a car on the roadway at the point where the collision occurred. In one an eastbound and in the other a westbound car is pictured. The car headed towards the east is well to the south or right of the center line of the road, while the westbound car shown in the other photograph also has its left wheels to the south of that line. The following notation is on the last mentioned photograph: "Looking toward curve and hill down which truck came, with car running in same direction of truck." In regard to the first of those two pictures, the plaintiff's husband, who made them, testified that the car was located "just about where the accident happened." When asked what the car facing west in the other photograph was intended to show, he said: "That is the position of the truck."

The admission in evidence of the two photographs just referred to had the effect of unduly emphasizing the dis-

puted theory that the plaintiff's car was following the proper course and that the truck of the defendants was partly on the wrong side of the road when the car and the truck collided. This court, however has, repeatedly decided that questions relating to the admissibility of photographs must be left largely to the trial court's discretion. *York Ice Machinery Co. v. Sachs,* 167 Md. 113, 173 A. 240; *Hensel v. Smith,* 152 Md. 380, 136 A. 900; *Snibbe v. Robinson,* 151 Md. 658, 135 A. 838; *Baltimore City v. State, use of Biggs,* 132 Md. 113, 118, 103 A. 426; *Md. Elec. Ry. Co. v. Beasley,* 117 Md. 270, 83 A. 157; *Consol. Gas Co. v. Smith,* 109 Md. 186, 72 A. 651.

In *Kiterakis v. State,* 144 Md. 81, 124 A. 401, 402, it was held that there was error in the admission of photographs of the *locus in quo* which "purported to represent the position of the deceased at the time of the accident," but that the error was not prejudicial because the actual position of the deceased was proved by uncontroverted testimony.

In *Rodick v. Maine Cent. R. Co.,* 109 Me. 530, 85 A. 41, the Supreme Judicial Court of Maine, which is committed to the view that the admission or exclusion of photographs is largely discretionary with the trial judge, held that it would have been a "wiser use" of such discretion to have excluded photographs which showed the plaintiff standing at the place where she claimed to have suffered the injuries sued for, but that the admission of the photographs was not "such an abuse of discretionary power as to warrant the sustaining of exceptions."

The jury in the present case could hardly have been misled by the two objectionable photographs to disregard their duty to consider all of the conflicting evidence as to the courses of the truck and the automobile on the road when they came into collision, as that was the controlling issue of fact on which the case was being tried. Consequently, while we cannot approve of the admission of those photographs, we are also unable to hold that the ruling was such an abuse of discretion as to require a reversal on that ground.

An agent for the coplaintiff insurance company, which had insured the plaintiff against collision damage to her car, was allowed to testify that the company had also issued to the defendants a policy for the same kind of insurance covering their truck. The knowledge acquired by the agent in the insurance transaction with the defendants was used as the basis of his testimony that the truck was owned by all three of the defendants, one of whom had disclaimed any interest in its ownership. Because of the reference thus made to the insurance held by the defendants, a motion was made by the defendants that a mistrial be declared. Exceptions were taken to the admission of the insurance agent's testimony and to the refusal of the court to declare a mistrial. Following the latter ruling, the trial judge carefully and clearly explained to the jury that the collision insurance on the truck did not make the insurance company liable on account of any verdict which might be rendered in the plaintiff's favor in this case, and the jury were cautioned that the insurance company should be entirely disregarded. The testimony and the court's statement left no ground whatever for a possible supposition by the jury that the insurance of the defendants against collision damage to their truck could inure to the plaintiff's benefit or affect the question as to the defendants' liability in the present action. The adverse ruling on the motion of the defendants to discontinue the trial was therefore justifiable. *Cluster v. Upton*, 165 Md. 566, 168 A. 882. There is no inconsistency between that ruling and the decision in *International Co. v. Clark*, 147 Md. 34, 127 A. 647, upon which the argument for the appellants relied. No adequate reason for reversal is indicated by any of this group of exceptions.

Several witnesses for the defendants testified that immediately after the accident, and before the passage of other traffic, they observed skid marks extending diagonally across the center line of the road and towards the truck from the rear wheels of the plaintiff's automobile, where it stood after the collision in a transverse

position in the middle of the highway. As described by those witnesses, the truck was then standing next to the northern edge of the concrete roadway about forty feet beyond the point of the collision, and the skid marks were from thirty to forty feet in length, and the one leading from the left rear wheel of the automobile on the southern half of the road ended approximately three feet north of the center. It was then proposed by the defendants to prove that about an hour and a half after the accident a state police officer arrived at the scene and made measurements of the marks identified as those observed immediately after the collision, extending towards the truck from the position which the plaintiff's automobile then occupied. The exclusion of the proffered testimony, as to the fact and results of the officer's measurements, was the occasion of two other exceptions in the record. A favorable ruling on the proffer would not have been erroneous, but, in our judgment, the ruling actually made is not a sufficient ground of reversal. The testimony of the officer could not have been admitted to prove that the skid marks referred to were attributable to the plaintiff's car, as he arrived at the place of the accident an hour and a half after it occurred, and as the automobile had been removed and other traffic had passed over the highway during that interval. *Marine v. Stewart,* 165 Md. 698, 168 A. 891; *Cumberland & Westernport Transit Co. v. Metz,* 158 Md. 424, 149 A. 4, 565; *Lange v. Affleck,* 160 Md. 695, 155 A. 150. Presumably the officer's measurements would have indicated more accurately the length and direction of the marks which the other witnesses for the defendants had described. But, as the proffered measurements were made in necessary reliance upon identification by witnesses who themselves testified as to the length and direction of the marks, and as the significance which might be claimed for them was in their course in relation to the plaintiff's automobile, the defendants' truck, and the center of the road, and not in the precise distance to which they extended, we think the possibility of detriment to the de-

fendants from the ruling now under consideration is too remote to justify a reversal of the judgment and a remand of the case for retrial.

The other exceptions do not appear to us sufficiently important to require more than the statement of our conclusion that they refer to no ruling which may properly be held reversible.

*Judgment affirmed, with costs.*