CHARLES E. (TIM) GRANTHAM, APPELLANT, V. FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, A CORPORATION, ET AL., APPELLEES.

119 N. W. 2d 519

Filed February 8, 1963. No. 35337.

Dryden & Jensen and Andrew J. McMullen, for appellant.

Dier & Ross and Jack M. Pace, for appellee Farmers Mutual Ins. Co.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action at law instituted by Charles E. (Tim) Grantham, plaintiff and appellant, against Farmers Mutual Insurance Company of Nebraska, a corporation, a defendant in the case, which is appellee herein. There were two other defendants but for reasons which do not require mention they are no longer parties, in consequence of which the corporation will be referred to hereinafter as the defendant. The action is for the recovery of damages, caused by fire which occurred on or about October 30, 1960, to a building owned by the plaintiff located on land, which does not require description herein, in Kearney, Buffalo County, Nebraska, which property was insured against damage or destruction by fire by a policy of insurance issued by the defendant.

The case was tried to a jury and a verdict was returned in favor of plaintiff for $4,151.93. Motions for new trial were duly filed by both the plaintiff and the defendant. These motions were overruled and judgment was rendered on the verdict. By the judgment an award of $250 was made as an attorney's fee for the attorney for the plaintiff and taxed as costs against the defendant. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

As grounds for reversal the plaintiff asserts in substance by assignments of error, (1) that the court erred in refusing to accept evidence of the plaintiff and of witnesses in his behalf as to the value of the building before and after the fire; (2) that the court erred in refusing to accept evidence of the fair cost of the repair of the building of the plaintiff and an unnamed witness; (3) that the court erred in instructing the jury that the measure of damages was the cost of repair of the building under the terms of the policy of insurance; and (4)

that the court erred in fixing the amount of attorney's fees allowed.

From the record and these assignments of error it becomes apparent that questions of disputed fact, except as to the matter of the attorney's fees, are not involved. The other three deal exclusively with questions of whether or not the court erred in restricting proof of the plaintiff's cause of action, and whether or not the theory submitted by the instructions as to the measure of plaintiff's damage was erroneous.

The parties are in accord that there was a fire, that property was damaged thereby, that the property damaged was insured by the defendant, and that the plaintiff was entitled to recover damages. They agree that the plaintiff, under the declaration of the insurance policy, is entitled to recover "the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair."

On the trial of the case the court by its rulings on the admissibility of evidence and by instruction to the jury fixed the measure of plaintiff's damage as "only such a fair and reasonable amount as was necessarily required to repair or replace the damaged parts of the building with material of a like kind and quality within a reasonable time after such loss." The theory on which this action of the court was based was that this quoted language described and declared this as the only measure of damage available to the plaintiff. It refused to permit proof of damage based on any other standard or measure and in particular the measure based on the difference between market value before and after the fire.

In this area the plaintiff called a witness obviously for the purpose of qualifying and giving testimony as

to the value of this property before and after the fire. Objection was made to this line of questioning on the ground that the inquiry did not relate to a proper measure of damages. The objection was sustained on the stated ground of lack of foundation but it is made clear that the true ground was that it related to the declared improper measure of damages.

Another witness was called. He was allowed to qualify as an expert on value out of the presence of the jury and to have his testimony as to value placed in the record but this was never allowed to be given to the jury for consideration. He testified that the value before the fire was $20,000 and somewhere between $8,000 and $10,000 after the fire.

The plaintiff testified in his own behalf and the court declared in the record that as owner it was proper for him to state the value of the property before and after the fire, which he stated was $20,000 before, and $8,000 after, but this was not allowed to be considered by the jury for the reason that it was not in proof of the court's declared proper measure of damages.

By reason of this the plaintiff asserts he was denied the right to prove his cause of action as he had the right to do under law and that he was thereby prejudiced. Specifically the plaintiff asserts that the measure of his recovery was the difference between the market value immediately before and immediately after the fire, but that the right to adduce evidence to sustain his cause of action pursuant to this measure was refused.

This view of the plaintiff must be accepted as controlling. No case has been cited by the defendant which holds to the contrary. In truth the cases cited by it relating to this subject sustain this view.

In Voges v. Mechanics Ins. Co., 119 Neb. 553, 230 N. W. 105, a case in pertinent aspects like the one here, it was said: "As applied to the facts in the present case, the provisions of this policy contemplate that the 'actual cash value' of the building as it stood on the ground

prior to the fire shall be compared with the 'actual cash value' of the same building at the conclusion of the fire, and that the difference shall be taken as the measure of damages, subject, however, to the limitations expressed in the terms of the policy." In that case the limitations in the insurance policy were substantially the same as those in the policy of insurance involved herein, and in the opinion it is pointed out that such a declared limitation is merely a limitation of the insurer's liability, and is not a substantive measure of damages.

The rule stated above is discussed in considerable detail and unequivocally approved in Clouse v. St. Paul Fire & Marine Ins. Co., 152 Neb. 230, 40 N. W. 2d 820, 15 A. L. R. 2d 1008. It is also approved in Borden v. General Ins. Co., 157 Neb. 98, 59 N. W. 2d 141.

On the basis of these decisions it follows that the refusal of the court to allow the plaintiff to prove his cause of action by evidence of value before and after the fire was erroneous.

It is of course true that it cannot be said that if the plaintiff had been permitted to prove his case as he was entitled to do that the verdict of the jury would have exceeded the amount awarded. Notwithstanding this the error must be regarded as prejudicial.

The rule which is controlling in this situation is contained in Borden v. General Ins. Co., *supra,* as follows: "If it does not appear from the record that evidence wrongfully admitted in the trial of a jury case did not affect the result of the trial unfavorably to the party against whom it was admitted its reception must be considered prejudicial error." In the instance here evidence was wrongfully rejected, but of course the rule is applicable in case of wrongful rejection as well as wrongful admission. Numerous other cases are cited in the opinion which support this rule.

For the reasons stated herein the plaintiff is entitled to a new trial. This conclusion renders unnecessary further consideration of the assignments of error.

The judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.