413 So.2d 198 (1982)
Freddie WILLIAMS
v.
Cornelius BERNARD, Sr., Cornelius Bernard, Jr. and the Allstate Insurance Company.
No. 12609.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Rehearing Denied May 19, 1982.
*199 Darleen M. Jacobs, New Orleans, for plaintiff-appellee.
Murphy & Simon, E. Kelleher Simon, New Orleans, for defendant-appellant.
Before REDMANN, GULOTTA and KLEES, JJ.
GULOTTA, Judge.
In this action for Uninsured Motorist benefits, the sole issue confronting us is whether a jury properly awarded plaintiff an $8,000.00 judgment where the policy limit of coverage is $5,000.00. The policy was not introduced into evidence and its limit was not stipulated.
The insurer, appealing, claims introduction of the policy was unnecessary because of a "stipulation of the policy" during trial.[1] We disagree. Accordingly, we affirm.
In an action under an insurance contract, the insured bears the burden of proving the existence of the policy and coverage. Collins v. New Orleans, Public Service, Inc., 234 So.2d 270 (La.App. 4th Cir. 1970); writ refused, 256 La. 375, 236 So.2d 503 (1970); B.T.U. Insulators, Inc. v. Maryland Casualty Co., 175 So.2d 899 (La.App.2d Cir. 1965). The insurer, however, bears the burden of showing policy limits or exclusions. Massachusetts Protective Ass'n. v. Ferguson, 168 La. 271, 121 So. 863 (1929); B.T.U. Insulators, Inc. v. Maryland Casualty Co., supra; Paz v. Implement Dealers Mutual Insurance Company, 89 So.2d 514 (La. App.1956).
After a stipulation that the defendant-driver was an uninsured motorist, the following exchange concerning uninsured motorist coverage took place during plaintiff's testimony:
"Q. At the time of the accident did you have in effect and were you paying on a policy of uninsured motorist coverage with the Allstate Insurance Company?
A. Right.
Q. And would you please tell the jury the number of that policy.
THE COURT:
I don't think that's necessary.
MS. JACOBS: [Plaintiff's attorney]
Okay. The policy has not been stipulated. The policy has not been stipulated to, Your Honor.
MR. BURVANT: [Insurer's attorney]
Nobody has requested it. I have the policy here. We stipulate coverage.
MS. JACOBS:
But it's not yet stipulated coverage.
THE COURT:

*200 Well, I thought I saw an admission of coverage. Just one second. Let's just check and see.
MS. JACOBS:
Judge, if counsel is willing to stipulate there was a policy of uninsured motorist coverage in effect with Allstate Insurance Company, that ends it as far as I am concerned. I don't have to go into
THE COURT:
Did you wish to do that, Mr. Burvant?
MR. BURVANT:
Yes, Your Honor. Sure.
THE COURT:
The Court accepts the stipulation that Allstate did have in full force and does admit in its answer that it has a policy of insurance coveraging [sic] Mr. Williams for uninsured motorist at the time of this accident."
It is clear from this exchange that plaintiff met the burden of establishing uninsured motorist coverage. Despite this stipulation, no mention was made of the $5,000.00 limitation and it was not brought to the jury's attention. Once coverage is established, it then becomes incumbent upon defendant either to offer evidence of the limit of the amount of coverage or to stipulate the limit. Defendant failed to carry this burden. The jury's failure to be aware of the policy limit was attributable to defendant. After coverage has been stipulated, an insurer cannot remain silent on extent of coverage and then complain when a jury awards an amount in excess of the policy limit.
We find support in Masaracchia v. Inter-City Express Lines, 162 So. 221 (La.App. 1935), where the court was confronted with a burden of proof question involving an insurer's limit of liability. In that case the court stated:
"Having given the matter further thought, we conclude that where, in a suit against a main defendant and also against the main defendant's insurer, the insurer admits that it has issued a policy, it is a fair assumption, in the absence of allegations and proof to the contrary, that the policy limits are coextensive with the liability which, in the petition, is averred to exist, and that if it is not so coextensive, the insurer will so allege and will submit proof in support of its allegations."
We recognize, however, that an insurer, as a matter of trial strategy, might very well decide not to introduce the policy into evidence because of fear that the policy limit may induce a jury to bring back a higher award for minor injuries.[2] In our case, because plaintiff sustained soft-tissue injuries to the cervical and lumbar spine requiring conservative treatment by a family physician for approximately a four-month period, the insurer may well have valued the claim at far less than policy limits. Under these circumstances, although the jury awarded an amount in excess of the limit, we cannot say, even with the benefit of hindsight, that a strategy of not introducing the policy was unwise. Nevertheless, we conclude plaintiff is entitled to receive the $8,000.00 award. The judgment is affirmed.
AFFIRMED.
REDMANN, J., dissents.
NOTES
[1] Although defendant argues the trial judge should have granted a new trial to allow introduction of the policy, the real thrust of the appeal is that the jury award is excessive because it is above the policy limit.
[2] The trial judge in oral reasons for denial of the motion for new trial stated, in pertinent part:

"Numerous opportunities were given to Allstate's counsel to introduce the policy and for trial tactics he did not wish that policy to be introduced into evidence, or for the jury to have knowledge of it.
The Court wants to be very sure that if this matter is appealed, that it was not an inexcusable error or neglect, but a definite trial tactic by Allstate not to introduce the policy."