Alfa Mutual Insurance Company appeals from a judgment entered on a jury verdict against it in an action by its insured, James E. Moreland, to recover uninsured motorist insurance benefits. Two questions are presented: (1) Whether the trial court correctly denied Alfa's motion for a new trial based on the grounds that conduct by the plaintiff's counsel prejudiced the jury so as to cause it to return an excessive verdict, and (2) whether, in this action against an insurance company for uninsured motorist benefits where the court disallowed evidence as to the amount of available policy limits, the trial court should have granted Alfa's motion for remittitur when the jury's verdict was in excess of the policy limits for uninsured motorist benefits.
Moreland was involved in an automobile collision with a vehicle operated by an uninsured motorist. Moreland filed a claim with Alfa and, subsequently, brought this action to recover uninsured motorist benefits under three automobile liability insurance policies he had purchased from Alfa. It is undisputed that the total amount of uninsured motorist benefits available under these three policies was $60,000. Before the trial, the court granted Alfa's motion in limine to prohibit Moreland from offering evidence of the amount of uninsured motorist benefits available under the three policies. Although the closing arguments were not transcribed by the court reporter, Alfa contends that Moreland's counsel stated in his closing remarks to the jury that "Alfa had a contractual obligation to the plaintiff, and that obligation was for $150,000.00." Following the parties' closing arguments, Alfa, in a conference with the trial judge, objected to this statement, but no ruling was entered by the trial court on the objection. The jury returned a verdict in favor of Moreland in the amount of $150,000. Alfa then made a motion for new trial based on the allegedly prejudicial remarks made by Moreland's counsel during his closing arguments. In the alternative, Alfa sought an order of remittitur to the amount of the uninsured motorist benefits available under the three policies. Alfa's motion was deemed denied, pursuant to Rule 59.1, Ala.R.Civ.P., after no ruling had been entered at the expiration of 90 days.
Alfa contends that the trial court erred in refusing to grant its motion for a new trial based on the allegedly prejudicial remarks by Moreland's counsel during his closing arguments. The parties' closing arguments are not in the record. However, the record reveals that Alfa did not object to the allegedly prejudicial remarks until a trial recess following the conclusion of the parties' closing arguments, wherein the following discussion occurred:
 "Mr. McDaniel: Yes, ma'am. I would like to state an objection on the record as to Mr. Church's closing argument. He stated there was a contractual obligation, and that obligation was one hundred fifty thousand dollars. I think that was prejudicial, and it was error.
 "Mr. Church: Mr. McDaniel, I argued that he is entitled to recovery of one hundred fifty thousand dollars. Never once did I say he had coverage in that amount. Never once did I mention the word coverage.
"Mr. McDaniel: No, sir, contractual obligation.
 "Mr. Church: I mentioned contractual obligation several times in my closing argument. That's what we are here about.
 "Mr. McDaniel: Yes, sir, but you also stated that obligation is one hundred fifty thousand.
"Mr. Church: I agree with you, it is.
 "Mr. McDaniel: And I think that's error in the case.
 "Mr. Church: You mean, I couldn't ask for a certain amount of money?
 "Mr. McDaniel: I'm not going to argue with you, Mr. Church.
"Mr. Church: Okay. Thank you.
"Mr. McDaniel: Yes, sir."
Further, the record reveals that, although Alfa's counsel stated that he wanted to make an objection to Moreland's counsel's remark as being prejudicial and in error, Alfa failed to move to exclude the *Page 171 
remark, and no ruling was made by the trial court on this objection.
 "This Court has generally held that improper arguments by an attorney are not sufficient grounds for a new trial without a timely objection and a ruling by the trial court or a refusal by the trial court to make a ruling. Lawrence v. Alabama Power Co., 385 So.2d 986, 987 (Ala. 1980). The exception to this rule is 'where the comment is so prejudicial that its effect is ineradicable.' Banner Welders, Inc. v. Knighton, 425 So.2d 441, 450 (Ala. 1982)."
Isbell v. Smith, 558 So.2d 877, 881 (Ala. 1989), cert. denied, ___ U.S. ___, 111 S.Ct. 68, 112 L.Ed.2d 42 (1990).
Because of Alfa's delay in objecting and its failure to obtain a ruling by the trial court, there is no error for this Court to review. Isbell v. Smith, 558 So.2d 877 (Ala. 1989);Lawrence v. Alabama Power Co., 385 So.2d 986 (Ala. 1980);Alabama Power Co. v. Henderson, 342 So.2d 323 (Ala. 1977). Had Alfa made a timely and proper objection, a reversal would presumably be in order. The remark allegedly made by Moreland's counsel is not so clearly established or so prejudicial as to warrant a new trial notwithstanding Alfa's failure to properly preserve the alleged error. Therefore, the new trial was properly denied.
Having determined that a new trial is not warranted in this case, we must consider the question of whether, in this action against an insurance company for uninsured motorist benefits where the court disallowed evidence as to the amount of available policy limits, the trial court should have granted Alfa's motion for remittitur when the jury's verdict was in excess of the policy limits for uninsured motorist benefits.
In an opinion released simultaneously with the present opinion, this Court adopted the rationale of Allstate Ins. Co.v. Miller, 315 Md. 182, 553 A.2d 1268 (1989), that, in an action by an insured against its insurer to recover uninsured motorist benefits where the amount of coverage available is not in controversy, evidence of the coverage limits is likely to unduly influence the jury and, thus, is generally not admissible. Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165
(Ala. 1991). In an action for uninsured motorist benefits, absent fraud or bad faith, an insured may recover from his insurer damages only up to the limits provided for in the contract of insurance. If the jury returns a verdict that exceeds the policy limits, "the trial court should then reduce the verdict, upon proper post-trial motion, to comply with the limits of the policy." Id., at 169, quoting Allstate Ins. Co.v. Miller, 315 Md. at 192, 553 A.2d at 1273.
The judgment of the trial court is due to be affirmed, conditioned upon Moreland's acceptance of a remittitur of $90,000.
AFFIRMED CONDITIONALLY.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.