KAREN M. KVAMME AND BERNARD N. KVAMME,
WIFE AND HUSBAND, APPELLEES, V. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, APPELLANT.

677 N.W.2d 122

Filed April 2, 2004.   No. S-03-005.

Danene J. Tushar and Timothy J. Thalken, of Fraser, Stryker, Meusey, Olson, Boyer & Bloch, P.C., for appellant.

Tim J. Kielty for appellees.

Hendry, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Gerrard, J.

Karen M. Kvamme was injured when her vehicle was struck by an uninsured motorist. After an insurance coverage dispute arose, Karen sued her insurer, State Farm Mutual Automobile Insurance Company (State Farm). At trial, over State Farm's objection, the trial court allowed Karen to present evidence to the jury that the policy limit of her uninsured motorist coverage was $100,000. The main issue on appeal is whether the court committed reversible error by allowing this information to go before the jury.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 29, 1996, Karen was involved in a motor vehicle accident with an uninsured motorist. At the time of the accident, Karen and Bernard N. Kvamme (the Kvammes) were insured under an insurance policy issued by State Farm (the Policy). Seeking compensation for, inter alia, her injuries and expenses, Karen filed suit against State Farm on September 27, 2000. Karen's husband, Bernard, joined in the lawsuit, alleging that he suffered a loss of consortium as a result of the accident.

Prior to trial, the parties agreed to stipulate to a number of facts, which were memorialized in the court's pretrial order. Relevant here, the parties agreed that the person who struck Karen's vehicle was an uninsured motorist, that he was negligent in the operation of his vehicle, and that his negligence was the proximate cause of the accident with Karen. In addition, the parties agreed that the Policy provided coverage for an automobile collision caused by the negligence of an uninsured motorist and that such coverage extended to the vehicle driven by Karen. The parties also agreed that only two issues needed to be resolved at trial: (1) whether the Kvammes' damages, if any, were proximately caused by the accident and (2) the merit of Bernard's claim for loss of consortium.

Thereafter, in an attempt to prevent potentially prejudicial information from reaching the jury, State Farm filed a motion in limine requesting the court to order the Kvammes, and witnesses testifying in support of the Kvammes, to refrain from making any

reference to, inter alia, the Policy's $100,000 coverage limitation. State Farm argued that any reference to the Policy's coverage limitation would be irrelevant to the issues of liability and damages and that the probative value of such evidence would be substantially outweighed by the danger of unfair prejudice to State Farm. Believing the submission of the Policy's limit would prevent the jury from speculating about the amount of available insurance coverage, the court denied State Farm's request.

Trial began on October 7, 2002. During his opening statement, counsel for the Kvammes informed the jury of the Policy's $100,000 coverage limitation and explained that Karen had paid a higher premium for this coverage. Later, over State Farm's objection, the insurance policy was admitted into evidence. Immediately thereafter, and again after State Farm's objections were overruled, the parties stipulated that the Policy contained a $100,000 coverage limitation.

On October 9, 2002, the jury returned a verdict in favor of the Kvammes in the amount of $50,202. State Farm moved for a new trial and a setoff or credit for payments already rendered to the Kvammes. After a hearing on these motions, the court overruled State Farm's motion for a new trial and ordered that the jury verdict be reduced by $8,728.27 to account for payments already made to the Kvammes. State Farm appealed.

## ASSIGNMENTS OF ERROR

State Farm assigns four errors, summarized and restated as two: The trial court erred in (1) allowing the amount of coverage available under the Policy to be admitted into evidence and (2) ruling that the evidence was sufficient to support a jury instruction on Bernard's claim for loss of consortium.

## STANDARD OF REVIEW

A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Olson v. Sherrerd*, 266 Neb. 207, 663 N.W.2d 617 (2003).

## ANALYSIS

On appeal, State Farm argues that evidence concerning the amount of coverage available under the Policy was irrelevant

under Neb. Rev. Stat. § 27-401 (Reissue 1995) and unfairly prejudicial under Neb. Rev. Stat. § 27-403 (Reissue 1995) and that the trial court abused its discretion by allowing this information to be admitted into evidence. Before we examine the merits of State Farm's argument, however, we consider the Kvammes' argument that State Farm waived its objections by stipulating to the amount of available coverage under the policy during trial. Although State Farm agrees it entered into a stipulation concerning the amount of available coverage, it contends that it merely stipulated to the foundation of the testimony regarding the Policy's limit, while simultaneously renewing its objection to the introduction of the Policy's limit into evidence. The record supports State Farm's contention. Read in context, it is clear that State Farm renewed its objection to the introduction of the Policy's limit into evidence. Thus, State Farm properly preserved its objections for appellate review.

In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by such rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. *Kinney v. H.P. Smith Ford*, 266 Neb. 591, 667 N.W.2d 529 (2003). The exercise of judicial discretion is implicit in determinations of relevancy and unfair prejudice, and the trial court's decision will not be reversed absent an abuse of discretion. *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000). If a trial court erroneously admits evidence that unfairly prejudices a substantial right of the complaining litigant, such admission is an abuse of discretion and constitutes reversible error. *Blue Valley Co-op v. National Farmers Org.*, 257 Neb. 751, 600 N.W.2d 786 (1999).

Our first step is to determine whether it was error to allow the jury to hear evidence of the Policy's coverage limit; if so, we then must decide if the error was prejudicial and reversible. In Nebraska, all relevant evidence is admissible unless there is some specific constitutional or statutory reason to exclude such evidence. Neb. Rev. Stat. § 27-402 (Reissue 1995). Relevant evidence is that which tends to make the existence of any fact of consequence more or less probable than it would be without the evidence. § 27-401.

Prior to trial, the parties stipulated to a number of facts. Relevant here, the parties agreed that the person who struck

Karen's vehicle was an uninsured motorist, that he was negligent in the operation of his vehicle, and that his negligence was the proximate cause of the accident with Karen. In addition, the parties agreed that the Policy provided coverage for an automobile collision caused by the negligence of an uninsured motorist and that such coverage extended to the vehicle driven by Karen. Because State Farm admitted that coverage existed and that the uninsured motorist was the proximate cause of the accident, the only issue to be resolved at trial was the amount of damages, if any, that the Kvammes suffered as a direct and proximate result of the accident.

■ Therefore, we must determine if evidence of the Policy's limit made the existence or cause of the Kvammes' damages more or less probable. We conclude that it did not and hold that evidence concerning the amount of uninsured motorist coverage an insurance policy provides is irrelevant to the issue of the amount of damages proximately caused by an uninsured motorist. See, e.g., *Allstate Ins. Co. v. Ramos*, 782 A.2d 280 (D.C. 2001); *Alfa Mut. Ins. Co. v. Moreland*, 589 So. 2d 169 (Ala. 1991); *Allstate Ins. v. Miller*, 315 Md. 182, 553 A.2d 1268 (1989); *Fahey v. Safeco Ins. Co. of America*, 49 Conn. App. 306, 714 A.2d 686 (1998). Cf. *Schaffer v. Bolz*, 181 Neb. 509, 149 N.W.2d 334 (1967).

Simply stated, the amount of coverage provided by State Farm under the Policy has no bearing on the amount of damages the Kvammes incurred as a result of the accident. Moreover, to allow evidence of the amount of uninsured motorist coverage would only serve to confuse the jury and distort the jury verdict. See, *Farley v. Allstate*, 355 Md. 34, 43, 733 A.2d 1014, 1018 (1999) ("if the jury were provided with a definitive amount of available policy limits the likely result would be a distorted jury verdict"); *Miller*, 315 Md. at 192, 553 A.2d at 1272 ("establishing the availability of a sum certain is likely to distort a jury verdict").

The Kvammes argue that the amount of available coverage was relevant because such evidence prevented the jury from assuming that only the mandatory minimum of coverage existed and basing its award on that amount. Stated otherwise, the Kvammes assert that because Nebraska requires an insured motorist to carry $25,000 in uninsured motorist coverage, see

Neb. Rev. Stat. § 44-6408(1)(a) (Reissue 1998), jurors will assume a policy's limit is $25,000 absent evidence to the contrary. We do not agree. If the parties or the court are convinced that this type of assumption regarding minimum coverage is somehow a legitimate concern, the court could draft a narrow jury instruction to allay that concern.

In the instant case, the jurors were not instructed to base their damage determination on the amount of coverage that was available under the Policy. Instead, the jury was properly instructed to calculate the amount of damage proximately caused by the uninsured motorist. It is presumed a jury followed the instructions given in arriving at its verdict, and unless it affirmatively appears to the contrary, it cannot be said that such instructions were disregarded. *Myers v. Platte Valley Public Power & Irr. Dist.*, 159 Neb. 493, 67 N.W.2d 739 (1954); *Webber v. City of Scottsbluff*, 150 Neb. 446, 35 N.W.2d 110 (1948). Thus, absent evidence to the contrary, we assume the jury followed the instructions it was given.

The Kvammes also argue that the Policy's limit was relevant because they brought an action in contract and that therefore, the jury should be entitled to have an understanding of the terms and provisions of that contract so as not to have to guess or assume facts to which they have not been informed. This argument is without merit. Although this action is based on the contractual relationship between the Kvammes and State Farm, it is analogous to an action in tort because the jury's only charge was to determine the amount of damages proximately caused by the uninsured motorist's negligence. See, *Preferred Risk Mut. Ins. Co. v. Ryan*, 589 So. 2d 165 (Ala. 1991); *Allstate Ins. v. Miller*, 315 Md. 182, 553 A.2d 1268 (1989); *Auto-Owners Ins. Co. v. Dewberry*, 383 So. 2d 1109 (Fla. App. 1980).

As the Maryland Court of Appeals correctly observed:

[T]his case is "functionally . . . a tort case," the purpose of which is to establish the damages that [the defendant insurer] is required to pay under the underinsured motorist portion of the [plaintiffs'] policy. . . . Therefore, this action is not, as the [plaintiffs] suggest, a contract action in the sense that any provisions of the insurance policy were at issue or that coverage was being denied based

upon language in the insurance contract. The jury was not required to interpret any provisions of the contract in accordance with any principles of contract law: its sole responsibility was to listen to the evidence and determine what amount, if any, [the defendant insurer] should be obligated to pay based on the testimony of the [plaintiffs] and their doctors.

*Farley v. Allstate*, 355 Md. 34, 45-46, 733 A.2d 1014, 1020 (1999). Thus, the amount of available coverage provided under the Policy was irrelevant to the issue of damages and should not have been presented to the jury.

█ Furthermore, we note that our ruling comports with established Nebraska law. Generally, Nebraska does not allow evidence of liability insurance or policy limits to be admitted because it may inject prejudice into the jury's decisionmaking process, thereby distorting the jury's verdict. See, Neb. Rev. Stat. § 27-411 (Reissue 1995); *Reimer v. Surgical Servs. of the Great Plains*, 258 Neb. 671, 605 N.W.2d 777 (2000); *Delicious Foods Co. v. Millard Warehouse*, 244 Neb. 449, 507 N.W.2d 631 (1993); *Kresha v. Kresha*, 216 Neb. 377, 344 N.W.2d 906 (1984); *Schaffer v. Bolz*, 181 Neb. 509, 149 N.W.2d 334 (1967) (introduction of policy limits in tort action was erroneous and prejudicial and may have improperly influenced jury). Our ruling today simply extends this rule, long accepted in tort cases, to an insured's suit against his or her insurer for the damages proximately caused by the negligence of an uninsured motorist, which we have determined is the functional equivalent of an action in tort.

In sum, the amount of uninsured motorist coverage a policy provides is irrelevant to the issue of damages and should not be disclosed unless the amount itself is in controversy. Accordingly, in the ordinary case, such limits should not be considered by the jury. In cases where the verdict exceeds the coverage amount, the trial court may then reduce the verdict, upon proper post-trial motion, to comply with the limits of the policy. See, e.g., *Alfa Mut. Ins. Co. v. Moreland*, 589 So. 2d 169 (Ala. 1991); *Miller, supra.*

Because we have concluded that evidence concerning the amount of available coverage under the Policy was irrelevant under § 27-401, such evidence was inadmissible under § 27-402.

See *Blue Valley Co-op v. National Farmers Org.*, 257 Neb. 751, 600 N.W.2d 786 (1999). Consequently, the trial court abused its discretion by admitting the Policy's limit into evidence.

■ Our inquiry is not at an end, however, because we must also determine whether the error in admitting this irrelevant evidence was prejudicial and requires reversal. See *id.* To constitute reversible error in a civil case, the wrongful admission of evidence must unfairly prejudice a substantial right of a litigant complaining about the evidence admitted. See *State ex rel. City of Alma v. Furnas Cty. Farms*, 266 Neb. 558, 667 N.W.2d 512 (2003).

■ The Kvammes contend that because the jury's verdict was approximately one-half of the coverage limit, no prejudice has befallen State Farm. However, their argument is not in keeping with our longstanding rules regarding the prejudicial effect of wrongfully admitted evidence. Error in the admission of evidence is presumed to be prejudicial where the evidence admitted may have influenced the verdict or affected unfavorably the party against whom it was admitted. *Lienemann v. City of Omaha*, 191 Neb. 442, 215 N.W.2d 893 (1974); *Witte v. Lisle*, 184 Neb. 742, 171 N.W.2d 781 (1969); *Keene Coop. Grain & Supply Co. v. Farmers Union Ind. Mut. Ins. Co.*, 177 Neb. 287, 128 N.W.2d 773 (1964). Here, by merely contending that the record contains evidence to support the jury's verdict of $50,202, the Kvammes have mistaken the sufficiency of the evidence with the prejudicial effect that the admission of the irrelevant evidence may have had on the jury.

■ It has long been our rule that where it cannot be gleaned from the record that evidence wrongfully admitted did not affect the result of the trial unfavorably to the party against whom such evidence was admitted, reception of that evidence must be considered prejudicial error. *Blue Valley Co-op, supra.* See, also, *Gourley v. Nebraska Methodist Health Sys.*, 265 Neb. 918, 663 N.W.2d 43 (2003); *Westgate Rec. Assn. v. Papio-Missouri River NRD*, 250 Neb. 10, 547 N.W.2d 484 (1996); *First Baptist Church v. State*, 178 Neb. 831, 135 N.W.2d 756 (1965); *Singles v. Union P. R.R. Co.*, 174 Neb. 816, 119 N.W.2d 680 (1963); *Grantham v. Farmers Mutual Ins. Co.*, 174 Neb. 790, 119 N.W.2d 519 (1963); *Borden v. General Insurance Co.*, 157 Neb. 98, 59 N.W.2d 141 (1953). Our review of the record does not disclose what effect the

submission of the Policy's limit might have had on the jury's verdict. We, therefore, necessarily conclude that the Kvammes have not overcome the presumption that State Farm was prejudiced by the admission of the Policy's coverage limitation into evidence.

## CONCLUSION

For the foregoing reasons, we determine that the trial court abused its discretion by admitting the amount of coverage provided under the Policy into evidence and that such error was unfairly prejudicial to State Farm. The judgment of the district court is reversed, and the cause is remanded for a new trial. Because we reverse for a new trial on the basis of admitting irrelevant evidence, we need not and do not decide whether there was sufficient evidence to support a jury instruction on Bernard's claim for loss of consortium.

REVERSED AND REMANDED FOR A NEW TRIAL.