65 A.3d 810

**Dionne DAVIS, et vir.**

v.

**Tania Nicole Arevalo MARTINEZ, et al.**

**No. 2605, Sept. Term, 2011.**

Court of Special Appeals of Maryland.

May 2, 2013.

Matthew Tievsky (Joseph Cammarata, Chaikin, Sherman, Cammarata & Siegel, PC, on the brief), Washington, DC, for Appellant.

Jeffrey T. Brown, Sr., Walter Gillcrist (DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, on the brief), Bowie, MD, for Appellee.

Panel: WRIGHT, BERGER, NAZARIAN, JJ.

WRIGHT, J.

On May 25, 2010, Dionne Davis and Darryl Davis, appellants, filed suit in the Circuit Court for Prince George's County against Tania Nicole Little Martinez, appellee,[1] for negligently causing an automobile accident. Martinez tendered the $20,000 limit of her liability insurance policy but the Davises's underinsured motorist ("UIM") policy carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), the other appellee, rejected this offer in order to preserve its subrogation rights. Later, the Davises amended their complaint to include a count against State Farm titled "Breach of Contract and/or Statutory Duty for Failure to Pay Underin-

---

1. Over the course of the trial proceedings, appellee, Tania Nicole Little Martinez, was referred to variously as Tania Nicole Arevalo Little, Tania Nicole Little, and Tania Nicole Little Arevalo.

sured Motorist Insurance Benefits." State Farm then filed a cross claim against Martinez.

Before trial, Martinez filed a Motion in Limine to preclude any reference to her insurance policy or to State Farm as a defendant. The trial court granted the motion over the Davises' objection. On November 23, 2011, a jury found that Martinez was not negligent by way of a special verdict. The Davises filed a timely motion for a new trial arguing that the trial court erred in precluding identification of State Farm. On January 9, 2012, the trial court denied the motion. On February 7, 2012, the Davises filed this appeal.

## Question Presented

The Davises present one question, which we present *verbatim:*

Did the trial court err by hiding from the jury the presence of [a]ppellee State Farm in the case, including but not limited to the claims by and against [a]ppellee State Farm, and the identity of [a]ppellee State Farm's attorney who participated throughout the trial?

## Facts and Proceedings

On January 27, 2008, a vehicle operated by Martinez collided with a vehicle operated by the Davises. Mrs. Davis alleged that she suffered bodily injuries and other damages. The Davises alleged a loss of consortium. At the time of the accident, Martinez was insured by USAA Insurance Company with a liability limit of $20,000. The Davises were insured by State Farm and carried $50,000 in UIM coverage.

Prior to trial, the $20,000 limit of Martinez's insurance policy was tendered. The Davises sent notice of the tender to State Farm and requested that State Farm accept or reject the settlement offer. State Farm rejected the offer and instead put forth $20,000 to preserve its subrogation rights. The Davises also requested that State Farm tender the difference between the limit of their own UIM policy ($50,000) and Martinez's settlement offer ($20,000). State Farm responded

that it needed additional time before it could agree to tender that amount.

On November 5, 2010, the Davises amended their complaint to include a count of "Breach of Contractual and/or Statutory Duty—Failure to Pay Underinsured Motorist Insurance Benefits" against State Farm. On March 20, 2011, State Farm filed a cross-claim against Martinez.

On November 18, 2011, Martinez filed a Motion in Limine to preclude any mention to the jury of State Farm's presence at trial. In her written motion, Martinez explained that "[n]ot only would the subject of insurance be presented to the jury, the jury could easily infer that [Martinez] did not comply with Maryland insurance law or that she purposefully carried minimum insurance." At a hearing on the morning before the trial, counsel for Martinez explained:

We're not supposed to, obviously, bring in the issue of insurance where it has the opportunity or the likelihood of influencing the jury to know that there's insurance coverage out there regardless of the extent and regardless of the circumstances, because it causes them to speculate on what it is that—or who it is that's paying for all of this when all is said and done.

The Davises opposed the motion, both in writing and at the hearing, relying primarily on *King v. State Farm Mut. Auto. Ins. Co.*, 157 Md.App. 287, 850 A.2d 428 (2004). The trial court granted the Motion in Limine stating that the case at hand was distinguishable from *King* because State Farm's presence "ha[d] nothing to do with whether or not [Martinez] was negligent. It ha[d] nothing to do with what damages [the Davises] suffered."

Accordingly, State Farm's attorney was present at the trial but the identity of his client was not revealed to the jury. When counsel introduced himself, he stated his name, and that he was "another lawyer in this case," but omitted any mention of State Farm. During *voir dire*, the court described the case as a motor vehicle negligence action against Martinez alone.

On November 23, 2011, a jury returned a special verdict finding that Martinez was not negligent. The Davises filed a motion for a new trial on the grounds that the trial court erred by hiding State Farm's presence from the jury. The trial court denied the motion and the Davises filed this timely appeal.

## Discussion

 The Davises argue that the trial court abused its discretion when it granted Martinez's motion to hide the existence of State Farm from the jury. Thus, they ask us to vacate the judgment of the trial court and remand the case to the circuit court for a new trial.

"The admissibility of evidence, including rulings on relevance, is left to the sound discretion of the trial court[.]" *Farley v. Allstate Ins. Co.*, 355 Md. 34, 42, 733 A.2d 1014 (1999) (citing *White v. State*, 324 Md. 626, 637, 598 A.2d 187 (1991)). "[A]bsent a showing of abuse of that discretion, its rulings will not be disturbed on appeal." *Id.* "Nevertheless, even with respect to a discretionary matter, a trial court must exercise its discretion in accordance with correct legal standards." *Alston v. Alston*, 331 Md. 496, 504, 629 A.2d 70 (1993). *See, e.g., Colter v. State*, 297 Md. 423, 426–30, 466 A.2d 1286 (1983); *Radman v. Harold*, 279 Md. 167, 173, 367 A.2d 472 (1977). "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard...." *Aventis Pasteur, Inc. v. Skevofilax*, 396 Md. 405, 433, 914 A.2d 113 (2007) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir.1997)). Legal standards and issues of law are reviewed *de novo*. *Renbaum v. Custom Holding, Inc.*, 386 Md. 28, 43, 871 A.2d 554 (2005).

On appeal, the Davises argue that "[i]n cases where the insurance carrier is a party to the litigation, obviously the existence of insurance cannot be kept from the jury." *See Farley*, 355 Md. at 42, 733 A.2d 1014. They further contend that "*King* plainly states that the public policy interest in openly identifying all of the parties is overwhelming, and

outweighs any risk that one of the defendants will suffer a higher damages award." The Davises state:

This Court held as a matter of law that a trial court abuses its discretion when it hides from the jury the presence of a defendant UIM carrier, on the ground that the jury might otherwise increase its award of damages. Moreover ... the commission of this error necessarily requires a new trial, without harmless error review, because the error is irrebuttably presumed to be prejudicial and because of the public policy interest in the public disclosure of the parties at trial.

In response, State Farm argues that *King* supports disclosing the identity of a UIM carrier only in a breach of contract case against a UIM carrier alone. State Farm contends that "Maryland appellate courts have consistently held it is improper to inject into the trial of a personal injury case, any suggestion that an individual defendant is covered by insurance." We disagree with State Farm.

In *King*, 157 Md.App. at 303, 850 A.2d 428, we held that the trial court abused its discretion when it hid the existence of a UIM carrier from the jury. In that case, Penelope King was struck by Wendy Farley's automobile. *Id.* at 289, 850 A.2d 428. Prior to the action, Farley accepted liability and settled for $20,000 through her insurance company, Allstate Insurance. *Id.* Later, King brought suit against her own UIM insurance, State Farm, for $80,000. *Id.* at 289–90, 850 A.2d 428.

State Farm argues that *King* is distinguishable because there was no co-defendant whose liability was still at issue; the trial court properly disclosed the existence of State Farm because it posed no risk of prejudice to another party at trial. However, the distinction drawn by State Farm has no relevance to *King*'s rationale for disclosing the identity of a UIM carrier to the jury.

In *King*, we compared an insurance company's desire to be anonymous at trial with a party's desire to proceed under the pseudonym "John Doe." *Id.* at 294, 850 A.2d 428. We cited

federal cases that balanced the "clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property'" with a party's right to privacy. *Id.* at 295, 850 A.2d 428 (quoting *Doe v. Stegall,* 653 F.2d 180, 185, *reh'g denied* (5th Cir.1981)). For example, we noted:

> We advance no hard and fast formula for ascertaining whether a party may sue anonymously. The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings.

*Id.* at 296, 850 A.2d 428 (quoting *Stegall,* 653 F.2d at 186). We also stated, with regard to a party's anonymity:

> [T]he most common instances are cases involving abortion, mental illness, personal safety, homosexuality, transexuality and illegitimate or abandoned children in welfare cases. The common thread running through these cases is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record.

*Id.* (citation omitted).

In this case, State Farm sets forth no argument as to privacy, social stigma, or threat of physical harm. Rather, State Farm argues that Martinez might be subject to a higher judgment by the jury if her insurance with State Farm were revealed. In making this argument, State Farm disregards our pronouncement in *King* that the risk of "adverse economic consequences" to a party is "insufficient justification" for hiding the identity of a party at trial. *Id.* at 296, 850 A.2d 428. Therefore, State Farm's argument for hiding its identity lacks merit.

Next, State Farm urges us to affirm the circuit court's ruling by attempting to distinguish the present case from *Farley, supra,* 355 Md. 34, 733 A.2d 1014. *Farley* involved a breach of contract action against an automobile insurer for non-payment of UIM benefits, and at issue was whether the amount of UIM benefits available under the contract should

have been permitted into evidence at trial. *Id.* at 38, 733 A.2d 1014. On appeal, the Court of Appeals upheld the trial court's decision to exclude the contract on grounds that it would be more prejudicial than probative. *Id.* at 39, 733 A.2d 1014. According to State Farm, *Farley* is distinguishable because the tort liability had already been settled; the primary issue was whether the contract was admissible into evidence. We disagree.

■ For the reasons stated above, a party's tort liability is not determinative of whether the presence of a UIM carrier should be disclosed to a jury at trial. In *Farley*, defendants sought to exclude the UIM contract and coverage limits only. By contrast, in this case, Martinez sought to conceal the existence of State Farm as a party in its entirety. Previously, the Court of Appeals has stated that "[w]here the insurance carrier is a party to the suit, the existence of insurance obviously cannot be kept from the jury; however the amount of uninsured motorist coverage should not be disclosed, unless the amount is in controversy." *Allstate Ins. Co. v. Miller*, 315 Md. 182, 191, 553 A.2d 1268 (1989). The *Miller* Court continued, "[t]he rationale for this approach is that the coverage amount has no relevant bearing upon the jury's consideration of the issue of damages. Moreover, establishing the availability of a sum certain is likely to distort a jury verdict." *Id.* at 191–92, 553 A.2d 1268 (citation omitted).

The Court's decision in *Farley* was in line with its decision in *Miller*. In sum, the Court of Appeals held that evidence of the UIM contract should be hidden because the amount of coverage was not in controversy and was irrelevant to the jury's consideration of damages. *Farley*, 355 Md. at 39, 733 A.2d 1014. There was no requirement that the entire existence of a UIM carrier should be hidden from the jury. Therefore, our holding today is in accord not only with *King*, but also with *Farley*.

■ Finally, we disagree with State Farm's contention that any error committed by the circuit court was harmless because the jury found that Martinez was not negligent and it

did not reach questions of proximate cause or damages. State Farm argues:

> ... to suggest the outcome of the trial may have been different if State Farm had been disclosed to the jury, is tantamount to saying that had the jury known one of the defendants was an insurance company, the scales would have tipped in favor of the Plaintiffs on the issue of liability.

We agree with the Davises that the trial court's ruling was not evidentiary but one of basic trial procedure. In *King*, 157 Md.App. at 299–300, 850 A.2d 428, we cited a Florida Supreme Court decision which stated that " 'it is per se reversible error for a trial court to exclude from a jury the identity of an [UM/UIM] insurance carrier that has been joined as a necessary party to an action.' " (Quoting *Medina v. Peralta*, 724 So.2d 1188, 1189 (Fla.1999)). The Florida Court stated:

> [T]his case does not involve an evidentiary ruling but, rather, a trial court's pretrial instruction to entirely exclude the identity of a necessary party for or against whom a judgment will be entered. In such a case, we find that an examination of the record would be pointless because the entire proceeding was tainted by the pretrial exclusion of the insurer's identity, which constitutes a miscarriage of justice as we explained in [*Government Employees Ins. Co. v.*] *Krawzak* [, 675 So.2d 115, 118 (Fla.1996)]....

*Id.* at 300, 850 A.2d 428 (quoting *Medina*, 724 So.2d at 1190). In addition, we noted in *King*:

> Other cases recognizing the importance of having the jury know that a party before it is the plaintiff's UM/UIM carrier are *Lima v. Chambers*, 657 P.2d 279, 285 (Utah 1982) ("The identity of the intervening insurance company should be made known to the jury"); *State ex rel. State Farm Mut. Auto. Ins. Co. v. Canady*, 197 W.Va. 107, 475 S.E.2d 107, 113 (1996) ("[T]he jury is entitled to be aware of the uninsured motorist carrier's identity"); *Tucker v. McQuery*, 107 Ohio Misc.2d 38, 736 N.E.2d 574, 576 (Ohio Com.Pl.1999) ("Jurors have the right to know who the real party in interest is"). *See also 2 Wigmore on Evidence*

§ 282a, at 168 (Chadbourn rev. ed. 1979) (stating that it is "an independent principle of law . . . that every party in a trial—and the jurors also—are entitled to know who is his opponent").

*Id.* at 301–02, 850 A.2d 428 (footnote omitted).

Accordingly, we agree with the Davises that hiding the existence of State Farm created a "charade" at trial risking the "integrity of the jury system." *See Lamz v. Geico Gen. Ins. Co.* 803 So.2d 593, 595 (Fla.2001). In further support, we note the Supreme Court of Florida has said:

[We have taken] a strong stand against charades in trials. To have the UM insurer, which by statute is a necessary party, not be so named to the jury is a pure fiction in violation of this policy. The unknown consequences of such a fiction could adversely affect the rights of the insured who contracted and paid for this insurance.

*Medina,* 724 So.2d at 1190 (citing *Krawzak,* 675 So.2d at 118). We also agree with the Court of Appeals of Kentucky, which has stated:

Since the company was a party and was actively represented by counsel, we think the jury was entitled to know that fact and to have the company's counsel identified. Otherwise the jury could be left to speculate as to the interest represented by an attorney participating in the trial who had no apparent connection with any of the parties.

*Wheeler v. Creekmore,* 469 S.W.2d 559, 563 (Ky.1971).

Here, the jury was led to speculate as to the true identity of State Farm's counsel. The jury was also unaware of the relationship between the defense's medical expert—who was State Farm's witness—and State Farm, which might have gone to the expert's credibility. The circuit court erred in granting Martinez's motion as it violated the clearly established principle that the jury should be made aware of the precise identity of a UIM carrier if it is a party at trial. *See King,* 157 Md.App. at 300–01, 850 A.2d 428.

The trial court abused its discretion in excluding evidence of UIM coverage from the jury. The trial court's decision was

not an evidentiary one that constituted mere harmless error, but rather one of basic trial procedure that led to the jury not knowing which party State Farm's attorney represented at trial. We, therefore, reverse the trial court's judgment.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY REVERSED. CASE REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE DIVIDED EQUALLY BE-TWEEN APPELLEES.**