G. MICHAEL HARVEY, UNITED STATES MAGISTRATE JUDGE
*341 The dispute in this diversity case arises from a motor vehicle accident that occurred in the District of Columbia on September 18, 2016. A car driven by John Albert Summers, a resident of the District of Columbia, crossed over the center line on Minnesota Avenue, N.E., first striking another motor vehicle before impacting a car being driven by Plaintiff, a Maryland resident. Seeking compensation for injuries she alleges she sustained during the accident, Plaintiff filed this action claiming Summers' negligence caused the action. Believing that the $25,000 of liability coverage under Summers' automobile insurance policy would be insufficient to compensate her for her injuries, Plaintiff also brought suit under a contract theory against her own automobile insurer, CSAA General Insurance Company, pursuant to the underinsured motorist (UIM) provisions of her policy.
Last January, Summers admitted liability for the accident, and his insurer tendered the policy limits of his policy in exchange for the release of him and his wife[1] from this action. Dkt. 22. Thus, the only remaining defendant is CSAA. A jury trial in this matter is scheduled to begin on September 25, 2018. As Summers' liability for the accident has been established, the only issue for the jury to determine is the nature and extent of Defendant's injuries caused by the collision, if any.
Presently pending before the Court is CSAA's motion in limine seeking to exclude from trial any evidence or reference to (1) the UIM coverage limits of Plaintiff's policy with CSAA, or, for that matter, (2) CSAA's contractual relationship with Plaintiff. Dkt. 25 at 1. Plaintiff conceded at the pretrial conference that she will not seek to introduce or make reference to any coverage limits at trial-whether to the limits of her own UIM coverage or of Summers' automobile liability policy-but opposes Defendant's request that no mention be made at trial concerning her contract for UIM insurance that she purchased from CSAA. Dkt. 26 at 2; Dkt. 30 at 2 n.1. The issues are fully briefed[2] and oral argument was held on the motion at the September 4, 2018 pretrial conference.
For the reasons set forth below and at the pretrial conference, Defendant's motion is GRANTED IN PART and DENIED IN PART .
I. ANALYSIS
A. Choice of Law
The Court must determine as a preliminary matter what law to apply. Arguably the relief sought in Defendant's motion does not require the application of state substantive law but only of federal "procedural" law, i.e., the Federal Rules of Evidence and Federal Rules of Civil Procedure. The distinction matters because of the "broad command" of *342 Erie R.R. Co. v. Tompkins that when federal courts sit pursuant to their diversity jurisdiction they are "to apply state substantive law and federal procedural law." Hanna v. Plumer , 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) ; see generally Erie R.R. Co. v. Tompkins , 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). But neither party argues for the straightforward application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure to resolve the contested issue in Defendant's motion, nor have they conducted the Erie analysis that would determine whether federal "procedural" law should apply. See Burke v. Air Service. Int'l, Inc. , 685 F.3d 1102, 1107 (D.C. Cir. 2012) ("The Supreme Court has evolved a set of tests to determine whether a law is substantive or procedural for Erie purposes."). In any event, the complexities of the Erie issue need not be addressed here because, as discussed further below, application of either state or federal law leads to the same result with respect to the issues raised in the motion in limine.
As to which state's law to apply, the parties are in disagreement. When Summers was dismissed from this matter in January, Defendant CSAA and Plaintiff agreed that Maryland law applies in this case with respect to issues involving Plaintiff's UIM claim. Dkt. 22 at 2, n.1 ("All parties hereto agree that since plaintiff was a Maryland insured who had in effect a Maryland policy of insurance at the time of the subject collision, that Maryland law applies to the underinsured procedures involved herein."). Seemingly retreating from that position, Defendant now seeks application of District of Columbia law to its motion in limine. Dkt. 25 at 2. Consistent with the parties' prior stipulation, Plaintiff seeks application of Maryland law. Dkt. 28 at 4-8; Dkt. 30 at 2-3. However, the parties' disagreement is largely academic. Under D.C.'s choice-of-law rules,[3] a court need not determine which of the competing jurisdiction's law to apply unless it first determines that a relevant conflict in fact exists. See Eli Lilly & Co. v. Home Ins. Co. , 764 F.2d 876, 882 (D.C. Cir. 1985) (citing Fowler v. A & A Co. , 262 A.2d 344, 348 (D.C. 1970) ); Chicago Ins. Co. v. Paulson & Nace, PLLC , 37 F.Supp.3d 281, 290 (D.D.C. 2014), aff'd , 783 F.3d 897 (D.C. Cir. 2015). Here, no party points to any conflict between the laws of the District of Columbia and Maryland relevant to the resolution of Defendant's motion in limine, and the Court has not identified one either.
Defendant does assert that there is no controlling case law in the District on the contested issue raised in its motion, and argues, that the Court should look to Maryland common law to resolve the dispute. Dkt. 25 at 2. That is in fact what D.C. law requires. Where there is no D.C. common law on point, the courts of this jurisdiction are instructed to "look to the law of Maryland for guidance" because D.C. common law is based on Maryland common law. Conesco Indus., Ltd. v. Conforti & Eisele, Inc., D.C. , 627 F.2d 312, 315-16 (D.C. Cir. 1980) ; see also Douglas v. Lyles , 841 A.2d 1, 5 n.5 (D.C. 2004) ("[A] Maryland Court of Appeals decision expounding the common law of that state is 'an especially persuasive authority when the District's common law is silent.' " (quoting Forrest v. Verizon Communications, Inc. , 805 A.2d 1007, 1012 n.12 (D.C. 2002) ) ); Burlington Ins. Co. v. Okie Dokie, Inc. , 368 F.Supp.2d 83, 88 n.1 (D.D.C. 2005) ("Maryland authorities interpreting *343 Maryland common law constitute 'powerful precedent' when District of Columbia courts interpret District of Columbia common law because District of Columbia common law is based on Maryland common law."). The Court will follow that principle here.
B. Coverage Limits
As noted, Plaintiff has conceded the first ground of Defendant's motion in limine and agrees she will not seek to introduce at trial the coverage limits of her UIM policy with Defendant, or the limits of Summers' automobile policy. That concession is well-taken as it is consistent with Maryland, D.C., and federal law. See Allstate Ins. Co. v. Miller , 315 Md. 182, 553 A.2d 1268, 1272 (1989) ("Where the insurance carrier is a party to the suit ... the amount of uninsured motorist coverage should not be disclosed, unless the amount is in controversy."); Allstate Ins. Co. v. Ramos , 782 A.2d 280, 286 (D.C. 2001) (citing Miller with approval); see also Schwendinger-Roy v. State Farm Mut. Ins. Co. , Civ. Act. No. 11-445, 2012 WL 13034915, at *1 (W.D. Pa. July 10, 2012) (precluding evidence of UIM coverage limits in action between plaintiff and her UIM insurance carrier because the "probative value of this evidence, if any, is outweighed by the risks of unfair prejudice, confusing the issues and misleading the jury"); accord Wallace v. Allstate Ins. Co. , Civ. No. 1:08CV1460-HSO-JMR, 2010 WL 200001, at *5 (S.D. Miss. Jan. 24, 2010) ("[T]he limits of coverage are not probative of the issue of damages, absent a controversy over the amount of coverage itself .... Even if relevant, the Court finds that this evidence would be unduly prejudicial, misleading, and confusing to a jury ...."). As these cases hold, the amount of insurance coverage has no bearing on the jury's consideration of issues of either liability or damages, and "establishing the availability of a sum certain [of insurance coverage] is likely to distort a jury verdict." Miller , 553 A.2d at 1272.[4]
Accordingly, the first basis of Defendant's motion in limine will be granted, and the parties will be precluded from mentioning at trial any insurance coverage limits that may be related to this matter, including the limits associated with Plaintiff's UIM policy and with Summers' automobile insurance policy. For the same reason, and with the parties' consent, the parties will not be permitted to introduce into evidence the declaration page of the UIM insurance policy which reflects the coverage limits.
C. Plaintiff's Relationship as Defendant's UIM Insured
As for the disputed issue raised in the motion in limine, it is important to clarify what Defendant is seeking and what it is not. It is not requesting to appear anonymously before the jury. Rather, it concedes that it may be identified at trial by its name, as the defendant, and as an insurance carrier that "may be liable for the Plaintiff's damages if it is found that the Plaintiff was injured and that her damages were cause by the [automobile *344 accident at issue]."[5] Dkt. 25 at 3 n.10; Dkt. 27 at 2, n.4. Defendant objects, however, to any mention of its "contractual relationship" with Plaintiff or that the operative coverage is UIM insurance-a fact which Defendant believes is tantamount to conveying to the jury that it has a direct contractual relationship with Plaintiff given that UIM coverage is "first-party" insurance purchased by automobile owners to cover accidents with underinsured motorists. Dkt. 25 at 1; Dkt. 27 at 1.
In its motion, Defendant confirms that it will not dispute at trial that Plaintiff had an operative CSAA automobile policy at the time of the accident that included UIM coverage, or that she has "complied with the contractual prerequisites of the policy." Dkt. 25 at 2. Thus, the only issues relevant for the jury's consideration, according to Defendant, are causation and the amount of Plaintiff's damages, issues about which Defendant claims the parties' contractual relationship sheds no light. Dkt. 25 at 3; Dkt. 27 at 1. Defendant's motion is motivated by its belief that disclosure of its contractual relationship with Plaintiff at trial may focus the jury on its "alleged[ ] refus[al] to pay a claim brought by its own insured" rather than on the cause of Plaintiff's injuries if any, and the quantum of her damages. Dkt. 25 at 3; Dkt. 27 at 1-2.
Defendant's motion is properly denied under federal, D.C., or Maryland law. Under Federal Rule of Evidence 411, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently ." Fed. R. Evid. 411 (emphasis added). Here, however, any potential recovery against Defendant arises from the parties' insurance contract, not from the underlying claim of negligence. See Kiknadze v. Sonneman , No. 1490, Sept. Term, 2014, 2016 WL 1427746, *6 (Md. Ct. Spec. App. April 12, 2016) ("A UIM claim is brought by a plaintiff against his or her own first party insurer for a breach of contract claim."). Count II of the complaint-the only count directed at Defendant and the only remaining claim in this case following Summers' settlement-alleges that Summers' carried only minimal liability insurance. Dkt. 2 at 3-4. It then states:
at the time of [the automobile accident at issue], ... [Plaintiff's] vehicle[,] was insured by co-defendant AAA insurance, underwritten by CSAA General Insurance Company .... That policy contained, among other things, a provision for Maryland underinsured coverages in the event that the passenger/operator of [Plaintiff's] vehicle sustained damages and losses in excess of an insurance policy which [may be] available to an allegedly responsible defendant to satisfy any judgment which may be rendered in favor of the plaintiff.
... The said policy of insurance in effect by and between [Plaintiff] and co-defendant CSAA providing for underinsured bodily injury liability coverages of up $250,000, for any one (1) person and up to $500,000.00, for any one (1) occurrence.
WHEREFORE, plaintiff, Monique Yvette Smith, claims judgement against co-defendant, CSAA General Insurance Company, in a sum not to exceed TWO HUNDRED FIFTY THOUSAND ($250,000) DOLLARS, as being the underinsured benefit for which plaintiff may be entitled, plus interest from the date of Judgment and the costs of this action.
*345 Id. at 3. Thus, Plaintiff is proceeding against Defendant under a contract theory based on the same contract that Defendant seeks to suppress at trial. Try as Defendant may to stipulate away the parties' contractual relationship, it remains foundational to Plaintiff's claim.[6] That the contract claim may boiled down at trial to whether Plaintiff has sustained a certain quantum of compensable injuries caused by the accident does not alter the fact that her claim is founded on-indeed, it could not exist but for-the UIM coverage that Defendant sold to her. With a case in that posture, evidence of the parties' contractual relationship is relevant and admissible under Federal Rule of Evidence 402, and its admission does not violate Rule 411. See Schwendinger-Roy , 2012 WL 13034915, at *1 (holding that Rule 411 did not preclude introduction of identity of plaintiff's UIM insurer as the defendant where the plaintiff's "potential recovery from [her UIM carrier] flows from the parties' insurance agreement, [and] not the underlying claim of negligence"); see also Blackmon v. Econ. Premier Assur. Co. , Civ. Act. No. 5:15-CV-33-KS-MTP, 2016 WL 3920343, 2016 U.S. Dist. LEXIS 93050 (S.D. Miss. July 18, 2016) ("[T]he Court fails to see how the identity of the sole party defending Plaintiff's claims would not be relevant to a jury's understanding of the case.... [T]he fact that Defendant is an insurance company is not being used to prove the negligence of another party [in violation of Rule 411 ].").
Moreover, precluding evidence of the parties' contractual relationship is likely to distract or confuse the jury as to who Defendant is and why it is presenting the defense in the case. Jurors should not be left to speculate about why Defendant is being sued rather than Summers, or whether Defendant is Summers' insurance company, Plaintiff's, or someone else's. Rather, the jury and the public should know who the parties appearing in a trial are and what their relationship is to each other. See Free Market Compensation v. Commodity Exch., Inc. , 98 F.R.D. 311, 312 (S.D.N.Y. 1983) ("Generally, lawsuits are public events and the public has a legitimate interest in knowing the pertinent facts. Among the pertinent facts is the identity of the parties."); see also 2 JOHN H. WIGMORE, EVIDENCE § 282a, at 168 (James H. Chadbourn rev. ed. 1979) (stating that it is "an independent principle of law ... that every party in a trial-and the jurors also-are entitled to know who is his opponent"). For this independent reason, the Court will deny Defendant's request to preclude any evidence regarding the parties' contractual relationship.
*346 Defendant's motion appears to be principally driven by the bias it believes revealing the parties' contractual relationship may engender with the jury. But even assuming that hiding the existence of UIM coverage may prevent jurors from deducing that fact for themselves-a doubtful proposition in D.C. where uninsured coverage is mandatory, and automobile insurers are required to offer optional underinsured motorist coverage, see D.C. Code §§ 31-2403(a) ; 31-2406(c-1) & (f)[7] -Defendant does not seek to appear anonymously at trial in this matter. It concedes that it should be identified as an insurance company that may be liable for Plaintiff's damages.[8] Adding to that description that Defendant is not only an insurance company but Plaintiff 's insurance company will only marginally increase whatever bias the existence of insurance may arouse in a jury. Under the facts of this case, that modest increment does not amount to "unfair prejudice" as that term is understood under Federal Rule of Evidence 403. See Connolly v. Lotkin , No. MJG-97-1231, 2000 WL 1508258, at *1-2 (D. Md. Sept. 7, 2000) (interpreting Maryland law and denying motion in limine to "prevent disclosure to the jury of [the insurer's] identity as plaintiffs' uninsured motorist carrier" because preceding as the insurer proposed would be "artifice" and because "the potential prejudice resulting from disclosure of the existence of [plaintiffs'] insurance is not sufficient to exclude the fact of its existence from the jury").
Where, as here, a plaintiff's claim is based on his or her own UIM coverage, the better approach is not to hide that information from the jury but to address head-on any insurance-based bias that may exist. That is, at the insurer's option, the court should instruct jurors that the existence of UIM insurance is not a reason to find in the plaintiff's favor on the question of causation or to increase the quantum of damages. If requested by Defendant, the Court will give such an instruction in this case.
The result is no different under D.C. or Maryland law. Defendant presumably is not seeking to proceed anonymously at trial because neither jurisdiction would permit it to do so. Rather, case law from both instructs that, in an uninsured motorist case,[9] "[w]here the insurance carrier is *347 a party to the suit, the existence of insurance obviously cannot be kept from the jury ." Miller , 553 A.2d at 1272 (emphasis added); Farley v. Allstate Inc. Co. , 355 Md. 34, 733 A.2d 1014, 1018 (1999) (same); Ramos , 782 A.2d at 286 (D.C. Court of Appeals citing Miller with approval); see also Sandino v. Mason , Civil No. SKG-10-3308, 2012 WL 1552425, at *2 (D. Md. Apr. 27, 2012) (interpreting Miller , and holding that, "regardless of the nature of the suit (contract vs. tort damages), if the UM/UIM provided is a named defendant, the existence of the policy must not be suppressed").
The issue has received more expansive treatment in Maryland courts. See King v. State Farm Mut. Auto. Ins. Co. , 157 Md.App. 287, 850 A.2d 428 (Md. Ct. Spec. App. 2004) ; Davis v. Martinez , 211 Md.App. 591, 65 A.3d 810 (2013). In King , for example, the Maryland Court of Special Appeals held in an action between a UIM insurer and its insured that it would be an abuse of discretion for a trial court to keep from the jury the existence of the UIM insurance and the identity of the insurer. 850 A.2d at 437-38. The plaintiff in King sued her own UIM insurance carrier following resolution of the plaintiff's negligence claim against the tortfeasor through payment of the limits of the tortfeasor's automobile liability insurance policy. Id. at 289-90, 850 A.2d 428. Similar to here, the parties agreed in King that the tortfeasor was solely responsible for the accident, that the UIM policy was in effect at the time of the accident, that the UIM insurer would receive a credit against any verdict in favor of the plaintiff in the amount of the limit of the tortfeasor's automobile liability coverage, and that the only disputed issue left for the jury's consideration was the extent of the plaintiff's injuries caused by the accident. Id. at 290, 850 A.2d 428. Based on that record, the UIM insurer sought to preclude its identification at trial as a defendant, arguing that doing so would be " 'inherently prejudicial.' " Id. (quoting Maryland Rule 5-411 ). The trial court granted the insurer's request, finding that there was no "reason to get into" questions about insurance because the only question remaining for the jury's consideration was the quantum of plaintiff's damages caused by the accident. Id.
On appeal, the Maryland Court of Special Appeals reversed and remanded the case for a new trial. It found that because the case was a "contract action on first party coverage" between the insured and its UIM insurer based on a "direct[ ] promise[ ] to pay the insured plaintiff[ ] under certain conditions," the trial court should have proceeded "[u]nder ordinary circumstances ... with the defendant insurer identified to the jury." Id. at 293-94, 850 A.2d 428 (quoting Reese v. State Farm Mut. Auto. Ins. Co. , 285 Md. 548, 403 A.2d 1229, 1231 (1979) ). The appellate court reasoned that doing so would be consistent with the "general principle that 'the identity of the parties to a lawsuit should not be concealed.' " Id. at 294, 850 A.2d 428 (quoting S. Methodist Univ. Ass'n of Women Law Students , 599 F.2d at 712 (5th Cir. 1979) ). It would also serve to "apprise the parties of their opponents" and to protect "the public's legitimate interest in knowing all the facts and events surrounding court proceedings." Id. at 294-95, 850 A.2d 428 (quoting Doe v. Rostker , 89 F.R.D. 158, 160 (N.D. Cal. 1981) ). The King court also found that "the unsubstantiated belief by [the insurer] that its disclosure as the defendant would adversely affect the jury's *348 verdict furnishes insufficient justification for withholding from the jury, and from the general public, [the insurer's] identity as the defendant at a public trial." Id. at 298, 850 A.2d 428. Holding otherwise would require precluding such information with respect to "any insurer that is sued directly for breach of its policy or from that of any apparently 'deep pocket' corporation that is sued for breach of contract by its promisee." Id. Nine years later in Davis , the Maryland Court of Special Appeals reaffirmed its ruling in King , holding that the trial court had erred in excluding evidence of UIM coverage and had "violated the clearly established principle [from King ] that the jury should be made aware of the precise identity of a UIM carrier if it is a party at trial." Davis , 65 A.3d at 815.[10]
Defendant attempts to distinguish King and Davis by arguing that it seeks only to preclude evidence of its direct contractual relationship with Plaintiff, relief more limited than the anonymity sought by the insurers in those cases. Fairly read, however, both King and Davis reject this narrower proposition as well. Indeed, in reaching its conclusion, King expressly rejected a trial court's ruling that denied the plaintiffs' request that their insurer "be specifically referred to" at trial as their "underinsured motorist carrier." 850 A.2d at 436 (quoting Lamz v. Geico Gen. Ins. Co. , 803 So.2d 593, 594 (Fla. 2001) ). The King court quoted at length from the Supreme Court of Florida's rejection of that lower court's ruling:
[F]ailure to specifically identify the underinsured carrier as such leaves the jury to speculate about the exact role of the plaintiff's carrier in the lawsuit, perpetuating the "charades in trials" denounced by [the Supreme Court of Florida] in Dosdourian [v. Carsten , 624 So.2d 241 (Fla. 1993) ].
Moreover, [a] line of [Florida] cases clearly establishes the principle that the jury should be made aware of the precise identity of an uninsured or underinsured insurance carrier if it is a party at trail. The policy behind such a requirement is that full disclosure of the identity of the parties protects the integrity of jury system and prevents charades at trial.
Id. (emphasis added). Similarly, King also expressly rejected the reasoning of Krotine v. Neer , No. 02AP-121, 2002 WL 31838301 (Ohio Ct. App. 2002), which held there was no prejudice to a plaintiff when he was not permitted to inform the jury he was suing his own insurer. 850 A.2d at 438.
*349 In rejecting that approach, the King court noted "[w]e are unpersuaded by the opinion in Krotine , which gives no consideration to the potential for jury confusion." Id. The Maryland Court of Appeals was even clearer in Davis , expressly holding that the trial court had erred in excluding evidence of UIM coverage and had "violated the clearly established principle [from King ] that the jury should be made aware of the precise identity of a UIM carrier if it is a party at trial." 65 A.3d at 815 (emphasis added). Thus, Defendant's attempt to distinguish the narrower relief it is seeking from the holdings in King and Davis fails.
The undersigned agrees with the analysis in both King and Davis , and believes the conclusion they reach is consistent with both federal and D.C. law.[11]
Accordingly, for the reasons stated above, it is hereby:
ORDERED that Defendant's motion in limine is GRANTED insofar as it seeks exclusion of evidence, or mention at trial, of any insurance coverage limits that may be related to this matter, including limits associated with Plaintiff's UIM coverage and with John Albert Summers' automobile insurance policy; it is further
ORDERED that Defendant's motion in limine is DENIED insofar as it seeks to prevent disclosure to the jury of the existence of Plaintiff's UIM coverage, that Plaintiff paid for that coverage, or that Defendant is her UIM insurer.
SO ORDERED.

Kana Perry-Summers was the owner of the vehicle being driven by her husband John Albert Summers when the accident occurred.

The relevant docket entries for the purposes of this Memorandum Opinion are: (1) Defendant's Motion in Limine [Dkt. 25]; (2) Plaintiff's Opposition to Defendant's Motion in Limine [Dkt. 26]; (3) Defendant's Reply to Plaintiff's Opposition to Defendant's Motion in Limine [Dkt. 27]; and (4) Plaintiff's Second Supplement to Plaintiff's Opposition to Defendant's Motion in Limine [Dkt. 30].

In a diversity case, to determine which state's substantive law to apply, a court must "apply the choice-of-law rules of the forum state," here the District of Columbia. Republican Nat'l Comm. v. Taylor , 299 F.3d 887, 890 (D.C. Cir. 2002).

To give the parties the benefit of their bargain, and with their consent, if the jury reaches a verdict in Plaintiff's favor and awards her damages in an amount less than the limit of Summers' liability coverage (i.e., $25,000), or in an amount that exceeds the applicable limit of Plaintiff's UIM coverage (i.e., $250,000), the Court will adjust the verdict to comply with these policy limits in response to a proper post-trial motion. This approach is consistent with both Maryland and D.C. case law. See Miller , 553 A.2d at 1273 ; Ramos , 782 A.2d at 286-87.

Defendant also will not object to Plaintiff questioning its expert witness at trial to establish that Defendant paid for the expert's services, and the number of times in the past the expert has provided services on Defendant's behalf.

Generally, where a party's evidence is not needlessly cumulative and its introduction will not be unduly prejudicial or cause undue delay or otherwise be wasteful of the jury's time, the party may present his or her case, and the basis for it, regardless of the opposing party's decision not to contest some part of that evidence. See Parr v. United States , 255 F.2d 86, 88 (5th Cir. 1958) ("It is a general rule that 'A party is not required to accept a judicial admission of his adversary, but may insist on proving the fact.' " (quoting 31 C.J.S. Evidence § 542 ) ); see also Fed. R. Evid. 403. As the Fifth Circuit explained in Parr , the "reason for the rule is to permit a party 'to present to the jury a picture of the events relied upon. To substitute for such a picture a naked admission might have the effect to rob the evidence of much of its fair and legitimate weight.' " Parr , 255 F.2d at 88 (quoting Dunning v. Me. Cent. R.R. Co. , 91 Me. 87, 39 A. 352, 356 (1897) ). Similarly, where a party has not consented to an opposing party's proposed stipulated fact, a court may not force the party to so stipulate. See J.F. Edwards Constr. Co. v. Anderson Safeway's Guard Rail Corp. , 542 F.2d 1318, 1322 (7th Cir. 1976) ("Rule 16 of the Federal Rules of Civil Procedure does not authorize a court to force parties to stipulate to facts to which they will not voluntarily agree.").

See Wigmore , § 282a, at 169 (stating that because "liability-insurance is made compulsory in many states for certain classes of liability," in such cases "the fact of insurance is notorious under the law").

Even had Defendant not conceded this issue, there would appear to be no basis to allow it the "rare dispensation" under federal law of proceeding anonymously in this case. James v. Jacobson , 6 F.3d 233, 238 (4th Cir. 1993) ; see also Qualls v. Rumsfeld , 228 F.R.D. 8, 10-11 (D.D.C. 2005) (collecting examples of federal cases where anonymity has been permitted). Federal Rule of Civil Procedure 10(a) embodies "the general principle that 'the identity of the parties to a lawsuit should not be concealed.' " S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe , 599 F.2d 707, 712 (5th Cir. 1979) (quoting Doe v. Deschamps , 64 F.R.D. 652, 653 (D. Mont. 1974) ); see also Fed. R. Civ. P. 10(a) (requiring civil complaints to "name all the parties" to the suit) & 17(a) (requiring that every action "be prosecuted in the name of the real party in interest"). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly. Certainly, '[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.' " Sealed Plaintiff v. Sealed Defendant , 537 F.3d 185, 188-89 (2nd Cir. 2008) (quoting Doe v. Blue Cross & Blue Shield United , 112 F.3d 869, 872 (7th Cir. 1997).

The Court recognizes that the present matter involves underinsured , rather than uninsured coverage, but believes that distinction is immaterial to the resolution of Defendant's motion. See Coots v. Allstate Ins. Co. , 853 S.W.2d 895, 903 (Ky. 1993) ("Underinsured and uninsured carriers should be treated similarly as their purpose and the intent of their coverage is similar.").

Most other state courts have agreed that, in cases where the uninsured or underinsured motorist carrier is a party at trial, the jury should be told that the party before it is the plaintiff's uninsured or underinsured carrier. See Earle v. Cobb , 156 S.W.3d 257, 259 (Ky. 2004) ("For sound policy reasons evidence of liability insurance to show culpability is excluded. However, where a direct contractual relationship exists between a plaintiff and a defendant insurance company no such policy is warranted."); Tucker v. McQuery , 107 Ohio Misc.2d 38, 736 N.E.2d 574, 576 (Ohio Com. Pl. 1999) ("Jurors have a right to know who the real party in interest is."); Lima v. Chambers , 657 P.2d 279, 285 (Utah 1982) (superseded on other grounds by Utah Rule of Civil Procedure 24(a) ); State ex rel. State Farm Mut. Auto. Ins. Co. v. Canady , 197 W.Va. 107, 475 S.E.2d 107, 113 (1996) ("[T]he jury is entitled to be aware of the uninsured motorist carrier's identity."); Lamz , 803 So.2d at 595 (holding plaintiffs are entitled to have their UIM carrier identified as such, when the carrier is joined as a party defendant); but see Heflin v. Merrill , 154 So.3d 857, 864 (Miss. 2014) (holding trial court committed no error by excluding any referent to UIM carrier as defendant at trial); Bardis v. First Trenton Ins. Co. , 199 N.J. 265, 971 A.2d 1062, 1065 (2009) (upholding trial court's decision to preclude plaintiff from identifying UIM carrier as the defendant at trial).

To the extent there is any lack of clarity in D.C. common law on the dispute issued raised in Defendant's motion, pursuant to the direction in Conesco Indus., Ltd. , 627 F.2d at 316, that the courts of this jurisdiction are to "look to the law of Maryland for guidance," the Court believes that the King and Davis decisions should be followed when interpreting D.C. law as they are well-reasoned and persuasive.