STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED SUPERIOR COURT
CIVIL ACTION
FEB 2 2 2019 DOCKET NO. CV-18-20

ANDROS\_OGG\_\_
SUPERIOR COURT

DONNA GENDRON, )
)
Plaintiff )
)
v. )
)
CITIZENS INSURANCE COMPANY )
d/b/a THE HANOVER )
INSURANCE GROUP, )
)
Defendant. )

ORDER ON DEFENDANT'S
MOTION TO SUBSTITUTE
CHASEN HOLMES AS
DEFENDANT, IN NAME ONLY,
FOR TRIAL PURPOSES

Before the Court is Defendant Citizens Insurance Company d/b/a The Hanover Insurance Group's ("Hanover") Motion to Substitute Chasen Holmes as Defendant, In Name Only, For Trial Purposes. For the following reasons, the motion is denied.

Hanover is Ms. Gendron's underinsured motorist (UIM) coverage insurer. On March 1, 2018, Ms. Gendron filed this lawsuit against Hanover, claiming Hanover breached its contract with her when it refused to pay UIM benefits following a vehicle collision between Ms. Gendron and Chasen Holmes. Ms. Gendron and Mr. Holmes have executed a settlement agreement, and Mr. Holmes is not a party to this action. With this motion, Hanover requests to have its identity substituted for that of Mr. Holmes at trial, expressing concerns over prejudice and arguing that trying the case with Hanover as the named defendant would unnecessarily inject the issue of insurance into the trial. Hanover also argues that there is no justiciable controversy between itself and Ms. Gendron and instead the controversy centers only on Mr. Holmes's negligent conduct.

The Court finds there is a justiciable controversy between Hanover and Ms. Gendron. Ms. Gendron asserted a claim for payment pursuant to her UIM policy issued by Hanover, and Hanover denied her claim. Ms. Gendron thereafter filed suit claiming Hanover breached its contract with her when it failed to pay her benefits under the UIM

policy. While Hanover attempts to characterize this case principally as a negligence action against Mr. Holmes, the fact remains that the case to be tried is a breach of contract claim against Hanover. This is an active case or controversy and is therefore justiciable.

Moreover, while Hanover has directed the Court to some precedent for the substitution it requests, the proper treatment of UIM coverage insurers at trial is far from settled both within Maine and among other jurisdictions. *Compare King v. State Farm Mut. Auto. Ins. Co.*, 850 A.2d 428, 435 (Md. App. 2004) (finding trial court abused its discretion in permitting UIM insurer to proceed at trial anonymously) *and Pinette v. Patrons Oxford Ins. Co.*, No. CV-15-211, Me. Super. LEXIS 187, at *3 (Mar. 23, 2017) (denying UIM insurer's motion to substitute its identity with name of tortfeasor at trial) *with Bardis v. First Trenton Ins. Co.*, 971 A.2d 1062, 1068-69 (N.J. 2009) (rejecting rule compelling insurer in UIM trial to be identified but leaving to trial court's discretion the determination of propriety of concealing insurer's identity) *and Wakefield v. State Farm Mut. Auto. Ins.*, No. KENSC-CV-2013-297 (Me. Super. Ct., Ken. Cty., Oct. 3, 2014) (granting UIM insurer's motion to substitute named defendant at trial); *see also Smith v. Summers*, 334 F. Supp. 3d 339, 343-45 (D.D.C. 2018) (denying UIM insurer's motion to conceal from jury the contractual relationship between insurer and plaintiff).

Here, there is no relationship between Hanover and Mr. Holmes. Ms. Gendron has already settled her claim with Mr. Holmes, and Mr. Holmes likely has a reasonable expectation that as to him, the matter is resolved. Moreover, insurance companies are routinely sued for breach of contract and expected to answer and defend in their own names. *Pinette*, No. CV-15-211, Me. Super. LEXIS 187, at *3 (Mar. 23, 2017). The Court can address any risk of prejudice with proper instructions to the jury. *Id.* at *4. Finally, the Court is concerned that concealing Hanover's identity would deny the jury its right to

know the identities of the parties to the case. *See Tucker v. McQuery*, 736 N.E.2d 574, 576 (Ohio 1999) (citing 2 WIGMORE ON EVIDENCE § 282a, at 169-69 (Chadbourn rev. ed. 1979)).

For the foregoing reasons, Defendant's motion is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___2/22/19___

MaryGay Kennedy, Justice
Maine Superior Court